In the Matter of the Accountings of the Executors and Executrix of the Last Will of PARAN STEVENS, Deceased.

*Supreme Court, First Department, General Term, July 9, 1889.*

1 *Executors. Expenditures.*—An executor, to entitle himself to an allowance for expenditures made in the course of a litigation, instituted in another state against his co-executors for waste, must at least show reasonable grounds for such proceeding.

2. *Same. Judgment.*—A judgment recovered in an action in the supreme court appropriating certain proceeds of the estate to the purposes of the trusts created by the will, is conclusive, not only upon the parties, but upon the surrogate.

3. *Same. Charge.*—An executor will be charged on accounting with money collected which should be, but has not been, appropriated to a trust fund.

Appeal from a decree of the surrogate.

*John E. Burrill* and *George Zabriskie*, for appellant.

*Hoadley, Lauterbach & Johnson*, for respondent, Mrs. Stevens.

DANIELS, J.—The consideration bestowed upon this litigation in the appeal from the denial of the application for a stay of proceedings, reduces the controversy now remaining to the charges disallowed to the executors, for the payment of $20,000 to Ellen Melcher, the allowance by the decree of the expenditures made by the executrix in the probate court of the city of Boston, and to the omission to charge her with the moneys received and expended by her

20

for her own benefit, as a part of the capital of the million dollar trust directed to be created by the will of her husband, the testator.

The payments made in the course of the proceedings in the probate court in Boston were not shown to have become necessary for any suitable or appropriate legal proceedings in her behalf against the two executors themselves. Proceedings were taken on the affirmation of their misconduct, but no foundation for that charge has been proved in this proceeding. And the proceeding itself in the probate court still remained incomplete and undetermined. To entitle herself to the allowance of these expenditures upon the accounting before the surrogate, she should at least have shown that there were reasonable grounds on her part to charge the other two executors with waste, or squandering the property, or maladministration, of so much of the estate as was situated in the state of Massachusetts, or that a decision had been obtained by which that charge, in whole or in part had been established. The latter fact, as the proceeding was incomplete, of course could not be shown. The former was the subject of evidence, but no evidence to prove it was given before the surrogate, beyond the mere expenditure of these moneys, and that of itself was not sufficient to justify their allowance in her favor against the estate.

The sum of $20,000 was paid to the testator's eldest daughter, in July, 1877. This payment was made out of the profits of the hotel business. And after that time a like payment was made for the benefit of each of the other children of the testator equally entitled in trust to the proceeds of his property.

These payments equalized all the children of the testator in the amounts from this source received by him. And no good reason appears in the case why the sum of money should not have been credited by the surrogate to the executors. It was assented to by Mrs. Melcher's trustees,

through whose hands the money should technically have passed, and also practically by the widow herself, and the same trustees who also acted for the other two children when the remaining $40,000 was distributed. The surrogate justified the disallowance of this payment upon the ground that by the will of the testator the money so paid should have been appropriated to the million dollar trust provided by him for his widow for life. But before this time, a judgment had been recovered in an action in this court appropriating the proceeds of the business from which this sum of money was obtained, to the purposes of the trusts created severally in favor of the testator's children, and directing the capital of the trust in favor of the widow to be supplied by or obtained from his real estate. This judgment was conclusive, not only upon the parties, but upon the surrogate himself. And it should not have been denied its legal force and effect, as it was by the refusal to credit this payment to the executors.

It appeared in the proceedings before the surrogate that the widow, as executrix, had collected and received moneys belonging to the estate which in part at least should be appropriated to the capital of the million dollar trust.

That was substantially found to be the fact in the proceedings before the surrogate. But no application of these moneys was made to the effect of the trust, or for the credit of the trustees. In this respect the decree before the surrogate appears to have been defective, and in the other two respects, to have been erroneous. It should, accordingly, be reversed so far as it allowed the expenditures made in the probate court in Boston, and rejected the payment of the $20,000 to Mrs. Melcher. This payment should be allowed by it, and the amount appearing to have remained in the hands of the widow and executrix from moneys collected by her applicable to the capital of her trust, should be so applied.

And the decree so modified in this manner should be

affirmed, without costs to either party, but with liberty to the executrix if she shall desire to do so, to give further proof before the surrogate to establish her right to the allowance of her expenditures in the proceeding in the probate court in Boston. And to the referee in the action pending in this court to continue ·the hearing; and make a final disposition concerning the application of the moneys paid by the executors upon the mortgage, and of the commissions of the broker, and such other matters as are within the scope of that action.

VAN BRUNT and BRADY, JJ., concur.

Appeal from an order denying a motion for the insertion of certain reservations in the decree of the surrogate.

*John E. Burrill* and *George Zabriskie*, for appellants.

*George Hoadley*, for respondent.

DANIELS, J.—It has been objected that neither this nor the other appeals should be sustained, or considered by the court for the want of evidence that the order requiring the petition of appeal to be answered, had been served upon Mary Fiske Paget and Arthur H. F. Paget. But this objection has been answered by proof of the service of the order upon them being supplied.

The appeal itself, however, from this order does not require to be considered upon its merits. For in the appeal from the decree of the surrogate, and the appeal from the order denying the application for a stay, the decree has been held to be subject to such modifications as rendered the motion resulting in this order to be unnecessary. For the reasons assigned for the disposition of the other appeals, the appeal from this order should be dismissed. And from the direction given concerning costs in the other case, this should be without costs.

VAN BRUNT, Ch. J., and BRADY, J.; concur.